141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MATERIAL SUPPLY INTL, Oregon Corporation, Plaintiff-Appellant,
v.
Daniel Ls CHEN, Defendant-Appellee.
 No. 96-36285.
D.C. No. CV-95-01817-REJ (AS).
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 6, 1998.**
Decided March 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Material Supply International, Inc. (MSI) appeals the dismissal on statute of limitations grounds of its amended complaint in a diversity action against Daniel Chen, president and general manager of Sunmatch Industrial Co., Ltd. (Sunmatch), for breach of fiduciary duty arising from a 1985 sales agreement giving MSI exclusive rights to sell Sunmatch pneumatic power tools in the United States and Canada under the name of Suntech. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * MSI argues that Chen is precluded from asserting a statute of limitations defense because Sunmatch failed to assert it in Material Supply International, Inc. v. Sunmatch Industrial Co., Ltd., No. 94-CV-01184 (RMU), in the District Court for the District of Columbia. We disagree.
 
 
 4
 Having been dismissed for lack of personal jurisdiction, Chen was not a party to the Sunmatch action. Nor, for purposes of MSI's claim against him for breach of fiduciary duty in this action, was he in privity with Sunmatch. While Sunmatch did not assert a statute of limitations defense in its own behalf on MSI's claim for breach of fiduciary duty against it, that doesn't bind Chen because MSI's claim against him is different from its claim against the company. As MSI represented in connection with its request to amend its complaint to add this claim, "[b]ecause the breach of fiduciary duty claim MSI seeks leave to assert against ... Chen ... in his individual capacity is separate and distinct from the breach of fiduciary duty claim it brought against Sunmatch ... in the U.S. District Court for the District of Columbia, ... claim preclusion does not, respectfully, apply." Reply to Opposition to Motion to Amend the Complaint at 2 (May 14, 1996) (emphasis in original). To the extent that its position differs on appeal, we decline to consider it. See Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990) (judicial estoppel precludes inconsistent positions in same proceeding). Since MSI's theory is that Chen is liable in his personal capacity "because he is either the alter ego of Sunmatch, or was acting outside the scope of his employment," Bl.Br. p. 11 n. 2, Sunmatch's failure to raise the statute of limitations in the D.C. action cannot have a preclusive effect against Chen in this one.
 
 II
 
 5
 MSI argues that regardless of claim preclusion, its claim should not be barred by the statute of limitations because it pled concealment and continuing course of conduct. However, its amended complaint shows on its face that MSI discovered Chen's conduct more than two years before its action was filed.
 
 
 6
 Oregon's two-year statute of limitations for torts, O.R.S. § 12.110(1), applies to an action for breach of fiduciary duty. See, e.g., Caplener v. United States Nat'l Bank of Oregon, 317 Or. 506, 524, 857 P.2d 830 (1993) (en banc) (classifying a breach of fiduciary duty claim as a tort claim for purposes of statute of limitations even though the alleged fiduciary duty was based on a contractual relationship). According to the amended complaint, "[i] n approximately December of 1990, MSI learned that Sunmatch was supplying pneumatic tools to other competitors of MSI ... in violation of the exclusive sales agreement."[1] At the latest, therefore, the statute of limitations began to run in December, 1990. Yet MSI did not file its complaint in this action until November 9, 1995; its amended pleading, which alleged breach of fiduciary duty, was filed June 5, 1996. Both were well past the two-year deadline.
 
 
 7
 MSI submits that the running of the statute should be tolled on account of the D.C. action, but we don't see how. It would still be time barred because the complaint in the D.C. action was not filed until May 31, 1994, also more than two years from discovery.
 
 III
 
 8
 Chen's motion for sanctions pursuant to 28 U.S.C. § 1912 and Fed.R.Civ.P. 38 is denied. MSI's motion for leave to file surreply is denied.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 MSI suggests that the statute did not begin to run in 1990 because it was not aware of the extent of the damage until the D.C. trial, but that doesn't matter. As the Oregon Supreme Court has held, " '[I]t is immaterial that the extent of damages could not be determined at the time of the [tort]' for purposes of determining when the statute of limitation commenced to run." Jaquith v. Ferris, 297 Or. 783, 788, 687 P.2d 1083 (1984) (en banc) (citation omitted)